IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 7:18-MJ-149 |
| | ) | |
| BRIAN DAVID HILL | ) | |

## ORDER

On December 26, 2018, Defendant, Brian David Hill ("Hill") appeared before me on a petition filed in the Middle District of North Carolina to revoke his supervised release. Dkt. No. 1. I appointed Randy Cargill of the Federal Public Defender's Office to represent Hill (Dkt. No. 4), and also determined that, pursuant to 18 U.S.C. § 4241, reasonable cause existed to believe that Hill suffers from a mental defect, rendering him incapable to assist in his defense in this matter. Accordingly, I referred Hill for a mental evaluation under 18 U.S.C. §§ 4241 and 4242. Dkt. No. 6.

Hill has filed several *pro se* motions relating to my order committing him for a psychiatric evaluation including: Motion to Reconsider Magistrate Judge's Order and Findings (Dkt. No. 7); Motion/Request for Transcripts (Dkt. No. 8); and Motion for Summary Judgment and to Continue Supervised Release (Dkt. No. 9). The question now presented is whether I should rule on these motions in light of the fact that Defendant is represented by counsel, who has not adopted the three motions.

While the Fourth Circuit has not directly ruled on the issue, one district court within this Circuit has consistently denied any motion filed *pro se* by an individual who is represented by counsel and where counsel has not adopted those motions. See United States v. Brewer, Criminal

1

No. 1:12cr1, 2012 WL 984288, at *2 (N.D. W. Va. Mar. 15, 2012) (recommending the district court deny *pro se* motions filed where defendant represented by counsel, and reasoning that courts and opposing parties would be forced to respond "in every instance to every motion whether spurious or otherwise"); United States v. Ramage, Criminal No. 1:09CR61, 2009 WL 4110321, at *2 (N.D. W. Va. Nov. 25, 2009) (adopting magistrate judge's recommendation to deny *pro se* motion where defendant represented by counsel and counsel did not adopt motion); United States v. Brooks, Criminal No. 1:09MJ71, 2009 WL 3365642, at *2 (N.D. W. Va. Oct. 19, 2009) (denying motion "improvidently filed by a Defendant who is represented by counsel who has not adopted the *pro se* motion").[1]

A defendant has no right to hybrid representation, which occurs if a defendant appears before the court both *pro se* and by counsel. Courts have determined that such hybrid representation is disfavored, as a "defendant does not have a constitutional right to choreograph special appearances by counsel." United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012) (citing McKaskle v. Wiggins, 465 U.S. 168, 183 (1984)). Defendant here is not proceeding *pro se*, as he has not waived his right to counsel.[2] He also has no right to appear on his own behalf, as I have appointed the federal public defender to represent him.

Defendant filed the three present motions on his own, and there is no indication that the counsel appointed for him adopted or approved of them. Accordingly, it is hereby **ORDERED**

---

[1] Courts outside of the Fourth Circuit have held similarly. See, e.g., Downs v. Hubert, 171 F. App'x 640, 641 (9th Cir. 2006) (summarily denying *pro se* motions because individual "represented by counsel, and only counsel may file motions"); United States v. Sandles, No. 00-CV-80590, 2008 WL 275684, at *1 (E.D. Mich. Jan. 31, 2008) (striking motions that defendant filed *pro se* and considering only the motion filed by his counsel); United States v. Young, Civil Action No. 06-710-02, 2008 WL 163045, at *3 (E.D. Penn. Jan. 17, 2008) (holding defendant may proceed *pro se* only if he waives his right to counsel, noting defendant not entitled to hybrid representation, and refusing to consider any of the defendant's eight *pro se* motions, except those adopted by his counsel).

[2] Even if Defendant had attempted to waive counsel, I would likely not have permitted him to proceed without representation because his mental faculties are in question at this stage.

that the three motions filed by Defendant *pro se* (Dkt. Nos. 7, 8, 9) are **DENIED** without prejudice should Defendant's counsel wish to re-file the motions.

It is so **ORDERED**.

Entered: January 15, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge