# In The United States District Court
# For The Western District of Virginia

| | |
|---|---|
| United States of America, Plaintiff, | Criminal Action No. 7:18-MJ-00149 |
| v. | |
| Brian David Hill, Defendant, | CLERK'S OFFICE U.S. DIST. COURT AT ROANOKE, VA FILED FEB 2 2 2019 JULIA C. DUDLEY, CLERK BY: /s/ DEPUTY CLERK |

## Motion for Recusal or Disqualification of Judge

Criminal Defendant Brian David Hill ("Brian", "Hill") respectfully requests that the honorable U.S. Magistrate Judge Robert S. Ballou recuse himself from this case, that he'd be disqualified from any further actions and proceedings in this case due to partiality/bias against Hill, making a decision on a Motion for which he had no authority, and making decisions contrary to law. This Motion is pursuant to Title 28 U.S.C. § 455 "Disqualification of justice, judge, or magistrate [magistrate judge], and on the deprivation of Hill's Due Process protections under the Fifth (5th) Amendment of the United States Constitution, Due Process Clause.

## Brief/Memorandum of Law
## In Support of this Motion

According to the statute under Title 28 U.S.C. § 455 as cited in Attachment A to this pleading any Magistrate Judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned."

First fact of Partiality/Personal Bias:

The honorable U.S. Magistrate Judge Robert S. Ballou ("Judge Ballou") had previously been involved in a decison made in a previous Federal case that was appealed by interlocutory appeal of a decison rendered by Judge Ballou but was appealed by Hill to the Fourth Circuit U.S. Court of Appeals. See Documents (all of them) of Fourth Circuit case: Brian David Hill v. Executive Office for United States Attorneys (EOUSA) et al., 699 Fed. Appx. 188 (2017), case no. 17-1866, July through October 2017. Hill not only appealed a decison rendered by Judge Ballou but also criticized that decision on record in the Appellate Court. The Judge may have decided to retaliate by wrongfully denying Motions under Documents 7 and 8. See Document no. 10 order.

First fact of Judge Ballou rendering a decision on a Motion which he had lacked authority:

Under Document no. 10 Order, Judge Ballou denied Hill's Document no. 7 Motion for Reconsideration, ~~though~~ even though Doc. #7 was filed pursuant to Rule 59 of the Federal Rules of Criminal Procedure.

Motions filed under the authority of "Rule 59. Matters before a Magistrate Judge" timely along with written objections to the order within "14 days after being served with a copy of a written order or after the oral order is stated on the record..." must be considered and decided by the "district Judge". Rule 59(a) clearly says that "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."

Judge Ballou did not allow the District Judge the ability to review over the Rule 59 Motion under Document #7 with timely filed objections to Judge Ballou's order under Doc. #6. Rule 59 is essentially a mechanism to appeal a Magistrate Judge's decision to the District Court Judge over any valid objections and disagreements without having to file an interlocutory appeal in the U.S. Court of Appeals. It is a conflict of interest, a partiality, and a abuse of discretion for Judge Ballou to render a decision and reviewing over his own decision over the very same matter appealed to a higher Judge of the Court. The Federal Court Rules of Procedures were passed by an act of Congress, a law of the land. The Magistrate Judges do not have the authority under Rule 59 to De Novo Review of objections to their own orders, otherwise this Federal Rule serves no ~~pup~~ purpose. Only the District Judge shall conduct a review of the timely filed objections to a Magistrate Judge's order. ~~There~~ Judge Ballou had no authority to deny Document #7 under Rule 59 of the Federal Rules of Criminal Procedure.

3

Judge Ballou cannot be the Judge of the very appeal of his own order. That is partial and a conflict of interest. A good educational example of a partial tribunal is if Adolf Hitler was the Judge and Defendant of the Nuremberg trial in Germany, he would have ruled favorable rulings to himself in his case. Judge Ballou deprived Hill of procedural due process rights under the Fifth (5th) Amendment of the U.S. Constitution by depriving both Hill's right to Appeal in his criminal case and right of a District Judge to De Novo Review of recommendations and timely filed objections. Hill had the right to review and present objections to a Magistrate Judge's order. Denial of Document #7 objections, deprives Hill of his Constitutional right in our Federal Courts.

First fact of Motion denial is contrary to law:

Judge Ballou denied Hill's Motion for preparation of Transcript under Document #8. The authority of statue of that Motion was pursuant to Title 28 U.S.C. §753; Court Reporters Act; and paragraph (f). In criminal cases, any request for preparing a Transcript for those proceeding In Forma Pauperis under the Criminal Justice Act (Title 18 U.S.C. 3006A) shall be paid by the United States. Hill had proceeded In Forma Pauperis in his criminal case (1:13-CR-435), and in his FOIA lawsuit. The Transcript of the December 26, 2018 hearing is necessary for Hill's defense because of the testimony of the Government's witness U.S. Probation Officer Jason McMurray.

It is quite clear that Judge Ballou is in conflict of interest, biased and partial, has blocked a Motion from being reviewed De Novo by the District Court Judge, deprived Hill of his Constitutional right to Due Process and made decisions in this case contrary to law.

Hill didn't even know that his Motions were denied (See Document #10) until February 15, 2019, when he had received a copy of his Docket Report from this case due to his request under Document #14. Hill was never personally served the Doc. #10 order, neither did Hill's Attorney Randy Cargill inform Hill of the Judge's order at all. Because Hill had no knowledge of Judge Ballou's order under Document #10, Hill lost his opportunity to file objections under Rule 59 within 14 days. Hill was deprived of his ability to even challenge the Document #10 order. Hill's due process has been deprived multiple times in this case.

It is clear that Judge Ballou needs to recuse himself from this case, that he should be disqualified from any further involvement in this case, and that the law is clear that this Motion be granted for the foregoing reasons above. Please remove yourself from this case. Thank You.

Respectfully filed with the Court, this the 19th day of February, 2019.

*Brian D. Hill*
Signed

Brian David Hill (Pro Se)
#29947-057

# Certificate of Service

I, Brian David Hill, certify that the foregoing pleading and Attachment A were placed inside an envelope, postage prepaid, then the envelope deposited at the Mail Room inside the Federal Correctional Institution 1 ("FCI-1") Butner, NC on February 19, 2019, addressed to the Clerk of Court. Hill proceeds In Forma Pauperis, and requests with the Clerk that the Government's Counsel-of-record be served a copy of this pleading by Notice of Electronic Filing using the CM/ECF system which will notify all parties to a case.

Brian David Hill
#29947-057
Federal Correctional Institution 1
Old N.C. Hwy 75/P.O. Box 1000
Butner, NC 27509

Brian D. Hill
Signed

JusticeForUSWGO.wordpress.com
Drain The Swamp - Donald Trump
Make America Great Again
Qanon -- Infowars.com
U.S.W.G.O.
#SealedIndictments
God Bless America

Brian David Hill #29947-057
Name: _____  Number: _____
Federal Correctional Institution 1
P.O. Box 1000
Butner, NC 27509

Office of the Clerk, Room 540

⇔29947-057⇔
Clerk Of The Court
210 Franklin RD SW
U.S. District Court
Roanoke, VA 24011
United States

LEGAL MAIL