AO 243 (Rev 09/17)

FILED
JAN 27 2022

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Middle District of North Carolina | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>Brian David Hill | | | Docket or Case No.:<br>1:13-cr-435-1 |
| Place of Confinement:<br>Supervised Release; conditional liberty by U.S. Probation Office | | Prisoner No.:<br>29947-057 (USM number) | |
| UNITED STATES OF AMERICA<br><br>V. | | Movant *(include name under which convicted)*<br>Brian David Hill | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court for the Middle District of North Carolina
    Clerk's Office Address: 324 W. Market Street, Greensboro, NC 27401-2544
    Court Address which convicted Brian David Hill: 251 N. Main Street, Winston-Salem, NC 27101

    (b) Criminal docket or case number (if you know): 1:13-cr-435-1, Document #200, #186 Minute Entry

2.  (a) Date of the judgment of conviction (if you know): 10/7/2019

    (b) Date of sentencing: 9/12/2019

3.  Length of sentence: Nine (9) months imprisonment. Nine (9) years supervised release is re-imposed

4.  Nature of crime (all counts):

Defendant Brian David Hill was charged with violating a condition of Supervised Release by being charged with violating Virginia State Code § 18.2-387. Indecent exposure. Documents #156, #157, and #158.
The charge by the U.S. Probation Office had came forth whenever the charge(s) were pending and had not been in a disposition at the time. The charge was filed in the Martinsville General District Court on September 21, 2018. Probation Violation charge was filed November 13, 2018. Trial was held on December 21, 2018 in not a Court of Record. Found Guilty in General District Court. Timely appealed by Trial De Novo to the Circuit Court of Martinsville on December 26, 2018. More information will be provided in Brief / memorandum of law.

5.  (a) What was your plea? (Check one)
    (1) Not guilty ✓      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Did not plead guilty at all to only one count charge of Violation of Supervised Release.

6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ✓

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ✓

Page 2 of 13

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?        Yes ☑        No ☐

9.   If you did appeal, answer the following:

(a)  Name of court:  U.S. Court of Appeals for the Fourth Circuit

(b)  Docket or case number (if you know):  19-4758

(c)  Result:  Affirmed the judgment of the U.S. District Court

(d)  Date of result (if you know):  10/16/2020

(e)  Citation to the case (if you know):  United States v. Hill, No. 19-4758 (4th Cir. Oct. 16, 2020)

(f)  Grounds raised:

(1) The district court erred as a matter of law in conducting the revocation hearing without a jury and by making findings of guilt by preponderance of the evidence, rather than beyond a reasonable doubt.
(2) The district court erred in finding that the evidence before it was sufficient to find that Appellant violated his supervised release by violating Virginia Code § 18.2-387 because the evidence fails to show that Appellant acted intentionally to make an obscene display or exposure of his person.
(3) This Court should extend and/or modify existing law to hold that the district court abused its discretion when it denied Appellant's motion to continue the revocation hearing until after the underlying criminal appeal was completed.

(g)  Did you file a petition for certiorari in the United States Supreme Court?        Yes ☑        No ☐

If "Yes," answer the following:

(1)  Docket or case number (if you know):  No. 20-6864

(2)  Result:  Petition DENIED

(3)  Date of result (if you know):  2/22/2021

(4)  Citation to the case (if you know):  Hill v. United States, No. 20-6864 (Feb 22 2021)

(5)  Grounds raised:

Whether the United States Court of Appeals for the Fourth Circuit erred in failing to find that the district court erred in sentencing Petitioner by denying Petitioner his Sixth Amendment right to trial by jury and/or by finding Petitioner guilty by a preponderance of the evidence rather than beyond a reasonable doubt or, in the alternative, whether existing law should be extended and/or modified to find the above.
Whether the United States Court of Appeals for the Fourth Circuit erred in failing to find that the district court erred in finding that the evidence before it was sufficient to find that Petitioner violated his supervised release by violating Virginia Code § 18.2-387. Whether the United States Court of Appeals for the Fourth Circuit erred in denying Petitioner's motion to continue the revocation hearing until after the underlying criminal appeal was completed.

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☑        No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  U.S. District Court, Middle District of North Carolina

(2) Docket or case number (if you know):  1:13-cr-435-1

(3) Date of filing (if you know):  10/15/2019

AO 243 (Rev. 09/17)

(4) Nature of the proceeding:   Motion to Vacate Fraudulent Begotten Judgment or Judgments; Doc. #206

(5) Grounds raised:

Fraud on the Court, asserting the Inherit and/or Implied Powers of a Federal Court to vacate any judgment which may have been grounded upon fraud. Document #206 and all attachments.

The claims of FRAUD against Assistant U.S. Attorney Anand Prakash Ramaswamy, the named prosecutor in this Federal case, were uncontested as "Response to Motion due by 11/5/2019." No response to that motion was timely entered in the U.S. District Court. Under Local Rule 7.3 paragraphs (f) and (k), any motion which had not been responded to within the date set by that rule by any other party would conclude that the Movant's/Petitioner's contentions were undisputed. Any motions not responded to within a set time period would be ruled as an "uncontested motion" and ordinarily would be granted without further notice.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☑

(7) Result:   Motion under Document #206 denied, despite being uncontested, undisputed; Doc. #268

(8) Date of result (if you know):   11/17/2020

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   U.S. District Court, Middle District of North Carolina

(2) Docket of case number (if you know):   1:13-cr-435-1

(3) Date of filing (if you know):   11/4/2021

(4) Nature of the proceeding:   Motion to Grant Four Pending uncontested Motions; Doc. #264

(5) Grounds raised:

Only one ground concerns the scope of the Document #200 judgment of conviction, with asking the U.S. District Court to grant the uncontested Motion of Document #206: "MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments" filed by BRIAN DAVID HILL." It asked for all uncontested motions to being granted but only one of them applies to the judgment entered in the judgment of Document #200. It is a motion simply asking that the pending uncontested motions filed in 2019 during the pendenacy of the first 2255 civil case, subjecting them to Local Rule 7.3, be granted since ordinarily uncontested motions are granted without further notice. See Document #264 Motion.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☑

(7) Result:   Motion under Document #264 denied, despite being uncontested, undisputed; Doc. #268

(8) Date of result (if you know):   11/17/2020

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☑   No ☐

(2) Second petition:   Yes ☑   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N\A

AO 243 (Rev. 09/17)

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The district court erred as a matter of law in conducting the revocation hearing without a jury and by making findings of guilt by preponderance of the evidence, rather than beyond a reasonable doubt.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The U.S. Supreme Court had made a decision in United States v. Haymond, 139 S. Ct. 2369 (2019) regarding Supervised Release Violators having the constitutional right to a Trial by Jury based on evidence of guilt beyond a reasonable doubt instead of being forced to have a Trial by the Bench aka Trial by Judge.
The decision to conduct the hearing without a Jury Trial violates the Sixth Amendment right to a Trial by Jury.
The U.S. District Court did not constitutionally comply with the decision of Haymond of the Supreme Court. They unconstitutionally and illegally held the Trial by the Bench on September 12, 2019. They did not rely on all evidence submitted to the Court pro se, in fact IGNORED IT, not taken into consideration. The Court ignored the evidence filed under Documents #152, #153, #154, #155, #163, #164, #165, #178, #181: "DECLARATION entitled "Evidence Declaration of Brian David Hill Regarding Carbon Monoxide and Letgter to Martinsville Police Chief in Opposition to Government's/Respondent's Documents #[156], #[157], #[158], #[159], and #[160]" filed by BRIAN DAVID HILL.". All of the evidence submitted to the Court prior to Trial was ignored and not included as part of the Trial Exhibits. By ineffective counsel or clerical mistake or intentional, the only Exhibits that had a receipt for the Trial was Documents #188 and #189. The other documents of evidence filed by Brian David Hill concerning the Supervised Release Violation was not listed as final Bench Trial evidence for the Revocation Trial proceedings. Ignored.
So they had decided to quickly, while ignoring evidence, wrongfully convicted Brian David Hill of violating a condition of Supervised Release and revoked Probation without a Trial by Jury in violation of the Law.

(b)  **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑    No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

N\A

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑   Because the post-conviction Motions challenged fraud.

(2)   If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:   N\A
Name and location of the court where the motion or petition was filed:
N\A

Docket or case number (if you know):   N\A
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

N\A

(3)   Did you receive a hearing on your motion, petition, or application?   N\A
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐    N\A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐    N\A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N\A

Docket or case number (if you know): N\A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N\A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N\A

**GROUND TWO:** The district court erred in finding that the evidence before it was sufficient to find that Appellant violated his supervised release by violating Virginia Code § 18.2- 387 because the evidence fails to show that Appellant acted intentionally to make an obscene display or exposure of his person.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The evidence was definitely not sufficient. part of that reason was because the Federal Prosecution failed to prove intent.

The Federal Prosecution did not let the facts and evidence develop in the Circuit Court of the City of Martinsville regarding that violation charge of Virginia Code § 18.2- 387, they prosecuted the case without all the facts and so they fell short of intent.

In summary, in order to show that Petitioner violated his supervised release by committing the offense of indecent exposure under Virginia law, the government was required to prove, among other things, that Appellant had the intent to display or expose himself in a way which has, as its dominant theme or purpose, appeal to the prurient interest in sex, without any justification, excuse, or other defense. The government failed to do so. Rather, the government's evidence, presented through its own witnesses, showed Appellant as someone who was running around naked between midnight and 2:00 a.m. and taking pictures of himself because he believed that someone was going to hurt his family if he did not do so.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑    No ☐

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑ issues were raised on Appeal after Petitioner's Motions for Sanctions.

(2) If you answer to Question (c)(1) is "Yes," state: Those motions focused on fraud on the court.

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** The District Court abused its discretion when it denied Appellant's motion to continue the ~~revocation hearing until after~~ the underlying criminal appeal was completed.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

An abuse of discretion occurs when the district court demonstrates "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983).

However, if the district court had not wanted to empanel a jury, it could have still protected Appellant's constitutional rights by simply granting Appellant's motion to continue the hearing in order to allow Appellant's pending state court appeal to reach a final decision. Had the district court done so, it could have used the final conviction from the Virginia state court, if the appeal were unsuccessful, as a factual basis for a revocation because Appellant would have, at that point, been determined to be guilty of said underlying offense beyond a reasonable doubt by a jury of his peers.
Conversely, if said appeal were successful, then the district court could have dismissed the revocation petition. Therefore, the district court demonstrated an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay by insisting that the hearing proceed that day.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ✓      No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

N\A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ✓ Issue was brought up by Attorney, after Motions for Sanctions months prior.

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N\A

Name and location of the court where the motion or petition was filed:
N\A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N\A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐      No ☐

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
·N\A

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available):
N\A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N\A

---

**GROUND FOUR:**  Actual Innocence – Legal Innocence

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Actual Innocence aka Legal·Innocence because Petitioner never plead guilty at all in State Court regarding his charge on September 21, 2018. Petitioner's constitutional rights were interfered with by the Supervised Release Revocation·judgment on Document #200, rendered at Bench Trial on September 12, 2019. That interference led to Petitioner withdrawing his appeal in the Circuit Court of Martinsville, however the Judge Hon. Giles Carter Greer had entered the guilty verdict based on withdrawing appeal but did had marked out the Clerk's notation that he/she believed Petitioner had plead guilty. That was stricken from the record of the Circuit Court. There was no guilty plea and the State Trial conviction can still be overturned somehow on "Actual Innocence". A request for a "Absolute Pardon" based on Actual Innocence was filed with the Secretary of the Commonwealth of Virginia and is still pending. The appeal was timely filed regarding the conviction and is still pending before the Supreme Court of Virginia. Writ of Actual Innocence had not yet been attempted yet in the Court of Appeals of Virginia, but Petitioner asked that the right to file such be preserved after withdrawing appeal. Actual Innocence issue still preserved.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

The Actual Innocence and Legal Innocence is complex and couldn't be argued by the Attorney because any further evidence and facts to be developed for Actual Innocence cannot be conducted through Appeals.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑       No ☐

(2)  · If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:  Petitioner's Second Motion for Sanctions... Document #206

Name and location of the court where the motion or petition was filed:
U.S. District Court for the Middle District of North Carolina

Docket or case number (if you know):  1:13-cr-435-1

Date of the court's decision:  11/17/2020

Result (attach a copy of the court's opinion or order, if available):

Document #268 Order, Uncontested Motion under Document #206 and other uncontested motions all denied

(3)  Did you receive a hearing on your motion, petition, or application?
     Yes ☐      No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?
     Yes ☑      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
     Yes ☑      No ☐  Proving fraud on the Court by Prosecutor can be same as Actual Innocence.

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
U.S. Court of Appeals for the Fourth Circuit

Docket or case number (if you know):  No. 20-7737

Date of the court's decision: 4/27/2021

Result (attach a copy of the court's opinion or order, if available):

JUDGMENT of USCA. In accordance with the decision of this court, the judgment of the district court is affirmed. This judgment shall take effect upon issuance of this court's mandate in accordance..Doc. #279,#280

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N\A

13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds which were not raised in Appeal but will be presented in this 2255 Motion are:

(Ground 5) Fraud on the Court - Was not raised on Appeal to the Revocation Final Judgment under Document #200 but was raised in Appeal separately because the Motion for Sanctions under Document #206, which was uncontested, was denied by the Judge but that Motion was filed after the conviction of the District Court in Document #200 revoking Supervised Release. The Motion was filed after timely Notice of Appeal. Was raised in a Post-judgment motion under Doc. #206, other than that this ground was not brought on direct appeal. MORE GROUNDS ARE ASSERTED IN ATTACHED PAGES. More grounds will be asserted and explained in the attached Brief / Memraondum of Law in support of this Motion

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?        Yes ✓        No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

U.S. Supreme Court did denied the Petition for Writ of Certiorari regarding the one appeal over the Supervised Release Violation and dismissed the Petition for Writ of Mandamus and/or Prohibition also attempting to overturn the Supervised Release Violation. However timely Petitions for Rehearing were filed in the Supreme Court and the decision is ???????????????????????????????????????????????????????????????????????????????????. U.S. Supreme Court, case No. 21-6037 and No. 21-6038.
Address: 1 First Street, NE Washington, DC 20543

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:
   Randy Cargill; Federal Public Defenders Office, 210 First Street, SW, Suite 420, Roanoke, VA 24011

   (b) At the arraignment and plea:
   Randy Cargill; Federal Public Defenders Office, 210 First Street, SW, Suite 420, Roanoke, VA 24011

   (c) At the trial:
   RENORDA E. PRYOR, 1207 Brentwood St., High Point, NC 27260

   (d) At sentencing:
   RENORDA E. PRYOR, 1207 Brentwood St., High Point, NC 27260

   (e) On appeal:
   EDWARD RYAN KENNEDY, 140 West Main St. Suite 300, Clarksburg, WV 26301

   (f) In any post-conviction proceeding:
   Pro Se

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   Pro Se

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ✓

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ✓

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   N/A

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

MOTION was TIMELY FILED since the final appeal decision by the U.S. Supreme Court was rendered on February 22, 2021. As long as this MOTION was filed prior to one year after the judgment of conviction becoming final after the final appeals including the U.S. Supreme Court, it is timely filed under the Anti-Terrorism and Effective Death Penalty Act.

Motion was timely filed so this shall not be an issue in challenging the Judgment of Document #200, Bench Trial on September 12, 2019, since the appeal was timely filed and the issues in appeal were raised in good faith by an Attorney Edward Ryan Kennedy, from West Virginia.

Therefore the excuse of "untimely filed" cannot be used in this 2255 Motion despite the first Document #125 of challenging a different criminal conviction being denied and dismissed due to the issue of "untimely" filed. Document #125 concerned the final judgment of conviction of the original criminal case, and is not the 2255 Motion over Document #200. This is the first formal 2255 Motion to be filed in regards to criminal judgment Document #200 and #186 Minute Entry of the Trial. Using the correct form.

This 2255 Motion concerns the Supervised Release Violation final judgment of conviction under Document #200. It included a term of imprisonment and additional term of Supervised Release by extending the original sentence of Supervised Release.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12 of 13

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate the wrongful conviction entered on Document #200 and the wrongful judgment of Guilty and revoking Supervised Release on September 12, 2019 under Documents #186 (text entry/Minute Entry).

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _~~1/15/2021~~_  *January 25, 2022* .
(month, date, year)

Executed (signed) on _____1/25/2022_____   (date)

*Brian D. Hill*
*Signed*
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

*Time for BLACKMAIL by Deep State/CIA/DOJ/FBI to be EXPOSED and the child rape blackmailers ~~FBI~~ arrested! They need to STOP blackmailing Federal Judges*

Page 13 of 13

In the United States District Court
For the Middle District of North Carolina

|  |  |
|---|---|
| Brian David Hill,<br>Petitioner/Defendant | )<br>)<br>)<br>)   **Criminal Action No. 1:13-CR-435-1**<br>)<br>v.                                                  )<br>)   **Civil Action No. _____**<br>)<br>United States of America,                )<br>Respondent/Plaintiff                     )<br>)<br>) |

## ADDITIONAL GROUNDS ATTACHED TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY. MOTION UNDER 28 U.S.C. § 2255

Petitioner is Brian David Hill ("Petitioner") and is the Petitioner of the 2255 case.

## GROUND V – FRAUD ON THE COURT

Was not raised on Appeal to the Revocation Final Judgment under Document #200 but was raised in Appeal separately because the Motion for Sanctions under Document #206, which was uncontested, was denied by the Judge but that Motion was filed after the conviction of the District Court in Document #200 revoking Supervised Release. The Motion was filed after timely Notice of Appeal.

Was raised in a Post-judgment motion under Doc. #206, other than that this ground was not brought on direct appeal.

However, this ground will be further argued in the Brief / Memorandum of Law in support of the attached 2255 Motion.

1

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF /
MEMORANDUM OF LAW.

**GROUND VI – UNCONSTITUTIONAL INTERFERENCE WITH THE
STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF
POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF
THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

This issue regarding the argued violation of the Tenth Amendment was not
presented on appeal but the underlying issue was argued in appeal in one aspect, it
was, as in the Appeal argument regarding "the district court abused its discretion
when it denied Appellant's motion to continue the revocation hearing until after
the underlying criminal appeal was completed". In a way, that issue was brought
up on direct appeal but did not assert the violation of the Tenth Amendment of the
U.S. Constitution. The appeal did not argue "interference". Hopefully that is
clarified in this ground on this pleading.

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF /
MEMORANDUM OF LAW.

**GROUND VII – IT IS NOW POSSIBLE AND PETITIONER SUSPECTS
THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE
SUPERVISED RELEASE ON DOCUMENT #200 MAY OR MAY NOT BE
A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE
AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD
ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND
"OFFICIALS" WERE BEING ORDERED TO RAPE AND MURDER
CHILDREN ON VIDEO RECORDINGS AND THUS WERE
COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS**

2

**THEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE**

This issue cannot and could not have been raised on appeal due to it being new evidence from claims surfacing from Attorney L. Lin Wood in January, 2021 which has not been fully developed and requires expansion of the record. It requires that Attorney L. Lin Wood and his source or sources be subpoenaed to obtain the blackmail video recordings which he claimed allegedly to have the encrypted password or key. Attorney Lin Wood does not possess the actual videos but he received this information from his source or sources. His source or sources appear to be involved somehow with American Actor Isaac Kappy who was reportedly killed after falling off of a bridge and died. Attorney Lin Wood suggested or claimed that Isaac Kappy was murdered. Attorney Lin Wood must be subpoenaed to further develop the facts of this GROUND.

Petitioner also shown in **Exhibit 24**, that Attorney Susan Basko had emailed Brian's mother Roberta Hill and grandpa Kenneth and Grandma Stella Forinash regarding a threatening email message in 2015, and the threat had claimed that the set-up person or persons somehow will make former Chief Judge William Lindsey Osteen Junior wrongfully convict Brian David Hill a second time in 2015. Since it appears that the threatening email may be referencing the possible blackmail or manipulation of some kind of a Federal Judge or some criminal scheme to compel

3

this Judge to convict Brian David Hill in 2015, it may be relevant to the Attorney L. Lin Wood claims of a blackmail scheme involving "officials" and "judges".

Part of the threatening message had said:
"JUDGE...............OSTEEN.............WILL..................CONVICT............

...HIM.....................AGAIN.............AS................WE.............WILL..............MAKE...................SURE...............OSTEEN.....

..........IS....................PROCIDING............JUDGE..................OVER............BRIANS................N

EW................INDICTMENT.

MORE.............CHILD.................PORN..............IS..............COMING............THEN................MORE..................CHARG

ES............WILL............BE..............BROUGHT".

Petitioner requests that a Special Master be appointed to review over the blackmail video recordings to determine if Chief Judge Thomas David Schroeder was in any of the blackmail video recordings. There needs to be an investigation into whether Judge Osteen was also in any of the blackmail videos as it would demonstrate that Brian David Hill's charge of Supervised Release Violation and maybe even the entire case itself was fixed from the very beginning using blackmail or bribery or coercion or maybe even threats behind the scenes.

Former Chief Judge Osteen is a person of interest to determine if he is possibly in one of the alleged videos, even though he wasn't the Supervised Release Violation Judge under Document #200, because the Document #157 complaint against Brian David Hill did refer to Hon. William Lindsey Osteen Junior as the original sentencing Judge. It might as well all be investigated if both judges may or may not be involved in being targets of an alleged blackmail scheme, regardless of whether Judge Osteen was involved with the SRV charge under Document #157 or not.

4

However, this ground is potentially viable that the Judicial Officer, if the blackmail videos ever prove such issue after subpoena and investigation and review, that it proves violation of a Judge's impartiality and becomes an additional evidence of fraud on the court onto itself and not just the fraud claims which were asserted in Document #206 which was an uncontested motion. The evidence of the Attorney L. Lin Wood tweets was rightfully filed with the Clerk's Office and filed under Document #290.

See #290 NOTICE entitled "Notice of Evidence to Clerk, to file Regarding Possible Issues of Blackmail" filed by BRIAN DAVID HILL. (Attachments: # 1 Notification of Mandamus/Prohibition Petition in the U.S. Supreme Court, # 2 Petition for Rehearing, # 3 Envelope - Front and Back)(Garland, Leah) (Entered: 12/07/2021).

If the Judge aka the Trier of Fact in the Supervised Release Violation TRIAL was ever blackmailed in sex tapes or video recordings of a judge or official being ordered to rape a child on video; regardless of whether it is material directly to the underlying case; it makes the Judge's "impartiality" reasonably questioned and raises the ground that the Judge had engaged in criminal behavior by committing a sex crime and was a target of a blackmail scheme involving a sex crime of 10 U.S. Code § 920 - Art. 120. Rape and sexual assault generally; possibly violating 18 U.S.C. § 2252A or 2252 and/or Section 2251; and murder of a child in violation of 18 U.S Code § 1111 – Murder. That is if the proof can be confirmed from Attorney L. Lin Wood or his source or sources himself. If Lin Wood refuses to allow his source or sources who actually are in possession of the alleged "blackmail" videos to be reviewed by the Court in further developing the FACTS alleged in GROUND VII, then this Court has the power to subpoena Attorney L. Lin Wood, subpoena his source or sources and compel him to testify before this

5

Court as to the alleged blackmail videos which he claimed about and require him to disclose his source or sources by Order of this Court and compel them to release the blackmail videos to a Judicial Officer and/or Special Master or any other appointed Investigator to review over the blackmail video recordings to confirm the blackmail video target's identities to determine if Thomas David Schroeder and/or William Lindsey Osteen Junior was ever involved in being a target of a blackmail scheme.

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF / MEMORANDUM OF LAW.

## GROUND VIII – SPOLIATION OF EVIDENCE AKA DESTRUCTION OF EVIDENCE BY (#1) MARTINSVILLE POLICE DEPARTMENT, (#2) SOVAH HEALTH MARTINSVILLE HOSPITAL (WHILE THEY KNEW BRIAN DAVID HILL WAS UNDER LAW ENFORCEMENT CUSTODY) (#3) AND/OR COMMONWEALTH ATTORNEY GLEN ANDREW HALL ESQUIRE VIOLATES THE CRIMINAL DEFENDANT'S CONSTITUTIONAL RIGHT TO DISCOVERY EVIDENCE MATERIAL PERTINENT TO HIS CRIMINAL CASE PURSUANT TO BRADY V. MARYLAND, 373 U.S. 83 (1963) AND GIGLIO V. UNITED STATES, 405 U.S. 150 (1972). DESTRUCTION OF EVIDENCE ALSO MAY BE FRAUD ON THE COURT

This issue cannot and could not have been raised on appeal due to it being new evidence being discovered after the hearing on September 12, 2019 because the State court appointed lawyers Matthew Scott Thomas Clark, Lauren McGarry, and

6

Scott Albrecht as court appointed lawyers for the Virginia criminal case initiated by the Virginia State charge of Indecent exposure all did not give copies of the court orders to their client Brian David Hill ("Petitioner"). Those lawyers kept Brian David Hill in the dark and asking for any paper copies of the court record are expensive at $0.50 a page upon request to the Clerk's office. Petitioner did not know what areas of the record had what. It was only until Petitioner had timely appealed his criminal conviction in the Circuit Court of Martinsville that the entire record of the criminal case was transmitted electronically through Portable Document Format (PDF) file. The appeal was timely filed after the final conviction on November 18, 2019. Notice of Appeal was filed on November 27, 2019. In 2021, Petitioner had requested access to the Record on Appeal as he had proceeded In Forma Pauperis under the Virginia law. As it was granted or allowed, Petitioner had requested access to the Record on Appeal. The Clerk emailed, to Roberta Hill, the PDF file of the entire case files of his criminal case, attempted Virginia Writ of Habeas Corpus, and attempted Petition for the Writ of Error Coram Vobis/Nobis. Petitioner had started reviewing over the case files to have discovered three different Court Orders. One in the General District Court and two in the Circuit Court of the City of Martinsville. All three Court Orders involving Brady material aka the discovery materials pertinent to a criminal case. See Brady v. Maryland, 373 U.S. 83 (1963). Since the discovery materials also concerns the Supervised Release Violation as well, it violates Giglio. See Giglio v. United States, 405 U.S. 150 (1972).

It was then and there that Petitioner started understanding that those three Virginia State Court Orders were violated. Petitioner suspects that the Martinsville Circuit Court Judge: Hon. Giles Carter Greer continues siding with the Commonwealth Attorney and has an inherit bias or prejudice or partiality, so

7

Petitioner had attempted to file a Motion for Contempt charge against Glen Andrew Hall, Esquire in the General District Court instead of the Circuit Court. However, that motion failed as the General District Court Clerk's Office refused to act on that motion and would not submit to the Judge because they claim they do not have jurisdiction after Petitioner had appealed the guilty verdict on December 21, 2018. Petitioner also suspects blackmail in regard to Hon. Giles Carter Greer as he denies every motion and ignored motions when Petitioner had court appointed counsel. So, Petitioner was stuck and could not pursue sanctions against the Commonwealth of Virginia for any contempt actions. However, on January 20, 2022, Petitioner had decided to just file a Motion based on new Virginia Law at risk of this Motion possibly being denied too as with all the others, but at least push under a new 2021st Virginia Law which creates a new criminal defense and possibly a need for acquittal to his charge. Petitioner had also filed additional Memorandum and Amended Memorandum in support of his Motion for Judgment of Acquittal. Petitioner is attempting to demonstrate that Brian David Hill is innocent of indecent exposure because he has Autism Spectrum Disorder which proves that he had "no intent" and this is the ground of being legally innocent of indecent exposure. So, Petitioner had filed a Motion asking for Judgment of Acquittal and had also asked for sanctions against the Commonwealth Attorney Glen Andrew Hall, Esquire for spoliation of evidence. Petitioner feels confident that this Motion has a better chance as it relies on a new Virginia Law, so even if the Judge decides to deny this Motion like all of the others, it can be appealed based on matters of law. It would have a better chance at prevailing on appeal since case law has yet to be thoroughly developed over this new law as far as Petitioner is aware of. All Petitioner has to prove is that he had Autism Spectrum Disorder and that at the time of the alleged offense he had Autism Spectrum Disorder. That can be proven with the mental evaluation of sanity or competency

8

which had been conducted in 2018, at the direction of the Judge in the General
District Court. Petitioner is confident that this is the best ground he could raise on
the basis of evidence he has undeniable evidence of since childhood. A better
chance of this new motion succeeding as it would be more difficult for a Judge to
have enough discretion allowed to just deny the motion like all of the others.
Spoliation of evidence plays a role in asking for acquittal based on destruction of
evidence and such destroyed evidence would have been favorable to the innocence
of Brian David Hill.

However, Petitioner will raise this ground in the 2255 case as any impartial
judge ever picked to be assigned to the 2255 case would be a better option than the
partial local judge Hon. Giles Carter Greer. Petitioner's family did research on him
and found out that the judge does not respect pro se filings. Petitioner's counsel
was ineffective throughout the entire State criminal case proceedings. Petitioner
filed pro se motions for new counsel and those were ignored because the Court
restricted unofficially that the current counsel must file a motion to ask for new
counsel which doesn't make any sense and kept Petitioner held hostage to his court
appointed lawyer. The Judge did this by not acting on the pro se motions, a large
majority of them and grant the counsel's motions and did grant or accept the
motion to withdraw appeal or even denied the motion for vacating the fraudulent
begotten judgment filed in November, 2019.

These are the pieces of evidence which Petitioner suspects and believes is
destroyed and spoliated aka spoliation of evidence:

1. The body-camera footage (body-cam) recorded statements from Brian David
   Hill on September 21, 2018 by Officer Robert D. Jones, Martinsville Police
   Department. Petitioner had mailed multiple letters to Police Chief G. E.

9

Cassady in early 2019 asking for the body-camera footage to be turned over
to the defense counsel but those letters were ignored.

2. The blood vials drawn from Brian David Hill's arm at the Sovah Health
   Martinsville Hospital; formerly Martinsville Memorial Hospital. The blood
   vials were drawn with Brian Hill's blood on September 21, 2018, after being
   arrested by Martinsville Police Department and taken to the Hospital in
   handcuffs under Police custody. Those blood vials were not laboratory tested
   despite being ordered but then cancelled and the blood vials destroyed. The
   police could have protected those vials as evidence, biological evidence.
   That evidence could have been subject to a drug test and if anything was
   found, could have led to a Carboxyhemoglobin (COHb) test. Because a drug
   test was never conducted and the blood vials were destroyed, the levels of
   Carbon Monoxide Poisoning is impossible to be determined by any
   scientific test due to the spoliation of the biological evidence.
   Carboxyhemoglobin (COHb) is a stable complex of carbon monoxide that
   forms in red blood cells when carbon monoxide gas is inhaled. COHb should
   be measured if carbon monoxide or methylene chloride poisoning is
   suspected.

Because Petitioner was already in Police custody while at the Hospital, it is
downright stupid and unprofessional for a Law Enforcement officer arresting
somebody for indecent exposure not to conduct a mandatory drug test or
alcohol test or breathalyzer. Of course Petitioner was under Carbon Monoxide
poisoning but it cannot be ruled out that Petitioner may have been drugged by
an assailant. Therefore the U.S. Attorney and the Commonwealth Attorney
cannot argue with merit that Petitioner had no gas, no substance, or no narcotic

aka being drugged in his body at the time he was found naked on September 21, 2018. Petitioner cannot prove he had any gas, substance, or narcotic aka being drugged in his system at the time of his arrest but they cannot claim with any merit that he had none either.

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF / MEMORANDUM OF LAW.

### GROUND IX – IMPROPER VENUE, LACK OF TERRORITORIAL JURISDICTION; IMPROPER JURISDICTION ACCORDING TO CHANGE OF JURISDICTION AS REQUESTED BY THE U.S. PROBATION OFFICE AND ACCORDING TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION; THIS 2255 MOTION AND CASE SHOULD ALSO BE TRIED IN THE JURISDICTION OF THE ALLEGED SUPERVISED RELEASE VIOLATION IN MARTINSVILLE, VIRGINIA; THE MIDDLE DISTRICT OF NORTH CAROLINA FEDERAL JUDGES HAD NO LEGAL AUTHORITY OR JURISDICTION TO INTERPRET VIRGINIA LAW AND ATTEMPT TO OVERRIDE VIRGINIA LAW; ALSO VIOLATES FEDERAL RULES OF CRIMINAL PROCEDURE 18

This was not argued on appeal but any challenge to a Court's jurisdiction over a case can be challenged at any time in any Court, as long as the claim is properly before the Court. A judgment without proper and valid jurisdiction is null and void.

The new legal evidence which could not have been presented in the hearing dated September 12, 2019, was on the date of October 27th, 2020, the U.S. Probation

11

Office had filed a Document #260 Petition to TRANSFER JURISDICION to the WESTERN DISTRICT OF VIRGINIA as follows:

> CITATION (Document #260, Page 3 of 3): Mr. Hill is currently being supervised in the Western District of Virginia. In coordination with this district, a transfer of jurisdiction has been tentatively agreed to, as Mr. Hill lacks ties to the Middle District of North Carolina and has resided for a period within the Western District of Virginia. To initiate this transfer, the Western District of Virginia has requested that Mr. Hill's supervised release conditions be modified to align with local sentencing conditions regarding sex offenders. Mr. Hill has voluntarily agreed to the adoption of these conditions. After the addition of these conditions, a transfer of jurisdiction will be processed. We respectfully request the Court adopt the conditions as outlined above.

The judge agreed to the request for transfer of jurisdiction and venue in the Documents #261, granting the request; and the Transfer Out/Probationer under Document #262.

This issue could not have been preserved on appeal since the U.S. Probation Office filed the TRANSFER REQUEST a year after the appeal was timely filed.

Also the issues of raising jurisdictional defects can be raised at any time whether on appeal or on Mandamus or collaterally attacked. If jurisdiction was not valid or proper, if jurisdiction was not valid at all, then it can be challenged at any time in any court.

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF / MEMORANDUM OF LAW.

12

## GROUND X – FILED EVIDENCE NOT TAKEN INTO CONSIDERATION AT TRIAL ON SEPTEMBER 12, 2019; WITNESSES FILED WITH THE COURT DIRECTLY MATERIAL TO THE TRIAL WERE NOT CALLED FOR TO TESTIFY AT TRIAL ON SEPTEMBER 12, 2019; FILED AFFIDAVITS NOT TAKEN INTO CONSIDERATION AT TRIAL; VIOLATION OF DUE PROCESS CLAUSE OF U.S. CONSTITUTION, DEPRIVATION OF CRIMINAL DEFENDANT'S DUE PROCESS RIGHTS UNDER THE CONSTITUTION

Simple but surely, filed evidence was never taken into consideration at the Trial Court on September 12, 2019. Evidence pertinent to and relevant to and material to the Supervised Release charge under document #156, #157, and #158.

A majority of evidence filed by Petitioner was never noted to being admitted under the Trial evidence under Trial Documents #186, #188, and #189. Petitioner had filed evidence which was never taken into consideration during the original Trial and Sentencing. See Documents #152, #153, #154, #155, #163, #164, #165, #178, #179, and #181. None of them were admitted at Trial despite being filed pursuant to the original charge of Supervised Release Violation under Documents #156, #157, and #158. Whether by ineffective assistance of counsel Renorda Pryor or by errors of due process of law by the Trial Court, those exhibits were never introduced into evidence at Trial. The Trial Court could have at least decided to admit those filings prior to making the final judgment under Document #200. Either admit them or make a determination on the admissibility of each evidence filing.

13

This was never brought up on Appeal because the Attorney Edward Ryan Kennedy never realized that evidence was excluded from the Trial. It is a very easy thing for an outside attorney to do when appointed by the court and is under limited money and resources compared to expensive private attorneys. However, the material and relevant evidence was never included in the Trial Exhibits. The filed Affidavits and evidence on the Docket filings #152, #153, #154, #155, #163, #164, #165, #178, #179, and #181 were never indexed in the Trial Exhibits. Never decided whether admissible or not. That needs to be corrected from the record in this 2255 case, there needs to be a modified Judgment referencing the issues in all filed evidence documents or the judgment needs to be vacated on deprivation of due process of law.

FACTS AND CASE LAW WILL BE ARGUED IN THE BRIEF / MEMORANDUM OF LAW.

**GROUND XI – VIRGINIA'S GENERAL ASSEMBLY HAD CREATED NEW LAW GIVING BRIAN DAVID HILL A NEW CRIMINAL DEFENSE (WHICH IS LEGAL INNOCENCE WHEN A DEFENSE CAN BE PROVEN TO A COURT AND PERMISSIBLE) WHICH WARRANTS ACQUITTAL ON A VIRGINIA CONVICTION OR THAT BRIAN DAVID HILL CANNOT BE CONVICTED OF INDECENT EXPOSURE UNDER VIRGINIA CODE § 18.2- 387 DUE TO A NEW LEGAL DEFENSE FOR A CRIMINAL CHARGE AUTHORIZED BY VIRGINIA CODE § 19.2-271.6 WHICH HAD BECAME LAW IN 2021**

This ground cannot possibly be raised on appeal since there was no such law during the time of direct appeal. Therefore this new law must be brought up in this 2255 Motion as it is a new law in 2021.

This ground is based on law, law not at the time of conviction on September 12, 2019 in the U.S. District Court, and thus this ground is also relevant to the 2255 since the entire Supervised Release Violation's basis for violation was based upon alleged violation of Virginia Code § 18.2- 387.

Virginia's General Assembly had passed a new law in 2021 (Virginia Code § 19.2-271.6), See **Exhibit 23**, which allows a criminal defendant with Autism Spectrum Disorder, Psychosis, or any other intellectual disabilities or mental illness or illnesses to be used as a defense to a criminal charge, in regard to INTENT, and intent is necessary to convict a criminal defendant of Virginia Code § 18.2- 387. A criminal defense is "Actual Innocence" and is legal innocence. A criminal defense can mean that a criminal conviction cannot be sustained and thus a defendant cannot be legally authorized to being punished by a Court of Law. This statute had not existed in the years of 2018 or 2019 when Petitioner was tried in front of Trial Court on September 12, 2019, and further adjudged on Document #200. This statute had not existed in the year of 2018 when Petitioner was tried and wrongfully convicted in the General District Court for the City of Martinsville on December 21, 2018. This statute had not existed in the year of 2019 when Petitioner was wrongfully convicted in the Circuit Court for the City of

15

Martinsville on November 18, 2019. Therefore, Petitioner is entitled to a criminal defense of no intent to commit any act which would violate Virginia Code § 18.2-387. If this Court wishes to decide whether Petitioner had violated his Supervised Release due to his Virginia state charge of violating Virginia Code § 18.2- 387, then this Court has to also consider his LEGALLY AUTHORIZED criminal defense pursuant to Virginia Code § 19.2-271.6.

## CITATION of NEW CODIFIED STATUTE CODIFIED IN 2021

## (CITATIONS REFORMATTED):

§ 19.2-271.6. Evidence of defendant's mental condition admissible; notice to Commonwealth. (2021 updated section)
A. For the purposes of this section:
"Developmental disability" means the same as that term is defined in § 37.2-100.
"Intellectual disability" means the same as that term is defined in § 37.2-100.
"Mental illness" means a disorder of thought, mood, perception, or orientation that significantly impairs judgment or capacity to recognize reality.
B. In any criminal case, evidence offered by the defendant concerning the defendant's mental condition at the time of the alleged offense, including expert testimony, is relevant, is not evidence concerning an ultimate issue of fact, and shall be admitted if such evidence (i) tends to show the defendant did not have the intent required for the offense charged and (ii) is otherwise admissible pursuant to the general rules of evidence. For purposes of this section, to establish the underlying mental condition the defendant must show that his condition existed at the time of the offense and that the condition satisfies the diagnostic criteria for (i) a mental illness, (ii) a developmental disability or intellectual disability, or (iii) autism spectrum

16

disorder as defined in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association.

If a defendant intends to introduce evidence pursuant to this section, he, or his counsel, shall give notice in writing to the attorney for the Commonwealth, at least 60 days prior to his trial in circuit court, or at least 21 days prior to trial in general district court or juvenile and domestic relations district court, or at least 14 days if the trial date is set within 21 days of last court appearance, of his intention to present such evidence. In the event that such notice is not given, and the person proffers such evidence at his trial as a defense, then the court may in its discretion either allow the Commonwealth a continuance or, under appropriate circumstances, bar the defendant from presenting such evidence. The period of any such continuance shall not be counted for speedy trial purposes under § 19.2-243.

If a defendant intends to introduce expert testimony pursuant to this section, the defendant shall provide the Commonwealth with (a) any written report of the expert witness setting forth the witness's opinions and the bases and reasons for those opinions, or, if there is no such report, a written summary of the expected expert testimony setting forth the witness's opinions and bases and reasons for those opinions, and (b) the witness's qualifications and contact information.

C. The defendant, when introducing evidence pursuant to this section, shall permit the Commonwealth to inspect, copy, or photograph any written reports of any physical or mental examination of the accused made in connection with the case, provided that no statement made by the accused in the course of such an examination disclosed pursuant to this subsection shall be used by the Commonwealth in its case in chief, whether the examination was conducted with or without the consent of the accused.

D. Nothing in this section shall prevent the Commonwealth from introducing relevant, admissible evidence, including expert testimony, in rebuttal to evidence introduced by the defendant pursuant to this section.

E. Nothing in this section shall be construed as limiting the authority of the court from entering an emergency custody order pursuant to subsection A of § 37.2-808.

17

F. Nothing in this section shall be construed to affect the
requirements for a defense of insanity pursuant to Chapter 11 (§
19.2-167 et seq.).
G. Nothing in this section shall be construed as permitting
the introduction of evidence of voluntary intoxication.
2021, Sp. Sess. I, cc. 523, 540.

This issue was not brought up on direct appeal because that law had not existed

and could not have been used for Federal direct appeal due to the fact that Appeal

Courts could only make findings based on the Record on Appeal at the time of

final judgment or based upon law itself at the time the Petitioner was convicted

whether wrongfully or rightfully. The law had changed and it concerns the

Supervised Release Violation over a charge of violating Virginia Law when such

law authorizes a new criminal defense which was not legally authorized

previously.

On or about January 20, 2022, Petitioner had filed a Motion for Judgment of

acquittal with the Clerk of the Circuit Court of the City of Martinsville under case

no. CR19000009-00; entitled: "MOTION FOR JUDGMENT OF ACQUITTAL

BASED UPON NEW EVIDENCE WHICH COULD NOT BE ADMISSIBLE AT

THE TIME OF CONVICTION; NEW EVIDENCE OF SPOLIATION OF

EVIDENCE COMMITTED BY COMMONWEALTH OF VIRGINIA; REQUEST

FOR SANCTIONS AGAINST COUNSEL GLEN ANDREW HALL, ESQUIRE

(OFFICER OF THE COURT) FOR VIOLATING COURT ORDERS FOR NOT

18

TURNING OVER BODY-CAMERA FOOTAGE AND IT IS LIKELY

DESTROYED AND BIOLOGICAL EVIDENCE OF BLOOD VIALS

OBTAINED ON DAY OF CHARGE, ALSO LIKELY DESTROYED". Petitioner

can also use this new law in a Petition for a Writ of Actual Innocence. Petitioner

will file an appeal regardless of whether this motion is denied or granted unless it

is granted and the Commonwealth of Virginia does not file an appeal to the

decision of acquittal. This will directly affect the Supervised Release Violation

charge under document #157, would prove that Brian David Hill did not engage in

the commission of a crime on September 21, 2018, and thus the Document #200

judgment would need to be nullified on the grounds that Brian David Hill did not

commit a crime on that day. If the motion is denied and based upon new law, then

there may or may not be enough case law to make a determination based upon the

appellate Courts as of yet. Any appeal will render a legal decision which may or

may not acquit Brian David Hill of his charge of violating Virginia Code § 18.2-

387. This Court should request the records of the Circuit Court and the Court of

Appeals of Virginia when expanding the record for this ground. If Petitioner fails

on appeal and on the motion, Petitioner can file another Motion requesting a New

Trial based upon previously unavailable evidence due to the previous Virginia

Laws regarding admissibility of evidence in mounting a criminal defense to the

criminal charge as a matter of law. Then upon new trial, Petitioner can be found

19

not guilty and that decision can carry on to the U.S. Probation Office in a written request to reverse the Violation charge as entered on Document #157 requesting vacatur of the original charge and of the conviction on Document #200.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. That is an attachment for this Motion under 28 U.S.C. § 2255 and was attached to the original Motion.

Executed on January 25, 2022

Respectfully submitted,

*Brian D. Hill*
Signed
Brian D. Hill

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q – Drain the Swamp
I ask Q for Assistance (S.O.S.)
Make America Great Again
JusticeForUSWGO.wordpress.com
USWGO.COM
JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Greensboro, NC via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

21

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

 



■ Expected delivery date specified f
■ Most domestic shipments include
■ USPS Tracking® included for dom
■ Limited international insurance.**
■ When used internationally, a custo

*Insurance does not cover certain items. For
Domestic Mail Manual at *http://pe.usps.com.*
** See International Mail Manual at *http://pe.*

# FLAT RATE ENVI
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSU



PS00001000014

**UNITED STATES POSTAL SERVICE**    Retail

P    US POSTAGE PAID
$8.95

Origin: 24112
04/19/22
5156520362-19

## PRIORITY MAIL 1-DAY®

0 Lb 8.60 Oz

1021

EXPECTED DELIVERY DAY: 04/20/22

C009

SHIP
TO:



210 FRANKLIN RD SW
STE 540
ROANOKE VA 24011-2208

USPS TRACKING® #



9505 5104 2591 2109 3397 88

OD: 12 1/2 x 9 1/2



FROM:

**U.S.W.G.O.**

Brian D. Hill - Ally of Q
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA Q Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com

TO:

Clerk of the Court
Case no. 7:18-mj-00149
U.S. District Court
210 Franklin Road S.W., Suite 540
Roanoke, VA 24011

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.



**FEDERAL PORN WARS – Part 3: BLACKMAIL of Series –
DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/zR-7YLVp5uQ**



**UNITED STATES POSTAL SERVICE** ®  |  **PRIORITY** ® **MAIL**



FEDERAL PORN WARS - Part 3: BLACKMAIL of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/zR-7YLVp5uQ

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT



FEDERAL PORN WARS - Part 1: Frame Ups of Series of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/qdR7Zglxrtw

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



FEDERAL PORN WARS - Part 2: Judicial Corruption of Series of Series - DOCUMENTARY at JusticeForUSWGO.wordpress.com
https://youtu.be/Ujwz6ytSfH8

# TRACKED ■ INSURED



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.