```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF VIRGINIA
                         ROANOKE DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,              CASE NO.: 7:18-MJ-00149
                                 May 14, 2019
                                 Roanoke, Virginia
 -v-                             Competency/Detention Hearing

BRIAN DAVID HILL,                Before:
                                 HONORABLE ROBERT S. BALLOU
                                 UNITED STATES MAGISTRATE JUDGE
         Defendant.              WESTERN DISTRICT OF VIRGINIA

****************************************************************
APPEARANCES:

For the Plaintiff:

    CHARLENE DAY
    United States Attorneys Office
    310 First Street, S.W. Room 906
    Roanoke, VA 24008
    540-857-2907
    charlene.day@usdoj.gov

For the Defendant:

    RANDY VIRLIN CARGILL
    Federal Public Defenders Office
    Suite 420
    210 First Street, SW
    Roanoke, VA 24011
    540-777-0880
    randy_cargill@fd.org


_____

              Kelly Brown - FTR Recorder
           Mary J. Butenschoen - Transcriber


PROCEEDINGS TAKEN BY FTR; TRANSCRIBED USING COMPUTER-AIDED
TRANSCRIPTION
```

1       THE CLERK: *United States of America v. Brian David
2  Hill*, Case Number 7:18-MJ-149.
3       THE COURT: All right. Let the record reflect that
4  the government is present by its counsel. The defendant
5  likewise is present by counsel.
6       We're here for a couple of reasons today. The first
7  is since we were last together in your hill, Mr. Case -- or in
8  your case, Mr. Hill, excuse me. -- you were evaluated down at
9  Butner, and I've got the report back so we're going to have the
10 competency evaluation addressed and then for -- assuming that
11 he's found competent, to go forward we'll have his initial on
12 the supervised release violation.
13      Before I begin, I do want to address a couple of
14 things that are on the docket. There are two motions that are
15 on the docket. One is for me to disqualify myself, and the
16 other is for a -- for the government to produce copies of the
17 transcript of previous hearings.
18      There are a couple of things. Mr. Hill previously
19 filed an order, Mr. Cargill, or filed a motion to reconsider my
20 decision to have him evaluated, as well as he also filed an
21 order to request transcripts in a motion for summary judgement.
22      I entered an order in this case on January the 15th
23 indicating that he's not entitled to hybrid representation
24 where he cannot file his own motions since he's represented by
25 counsel, so I denied those motions without prejudice to bring

1  again.  And I'm going to deny the present motions without
2  prejudice to bring again.
3          I'm -- I am going to specifically address the motion
4  to disqualify because I think that should be on the record.
5  The two grounds that were raised for me to disqualify myself
6  is, one, is that Mr. Hill previously had a civil case in this
7  court that was handled by Judge Kiser.  I made a ruling on a
8  discovery issue that he took an interlocutory appeal to the
9  Fourth Circuit on.  That civil case is 4:17-CV-27.  The Fourth
10 Circuit dismissed that appeal as an -- as an interlocutory
11 appeal.  The case was remanded.  Judge Kiser ultimately entered
12 summary judgement in the case, and the Fourth Circuit affirmed
13 that decision.  So I didn't have any involvement at all beyond
14 the -- beyond that.
15         The fact that someone takes an appeal to one of my
16 decisions is absolutely the right that they have, and I'm
17 always proud when anyone decides to exercise those rights as
18 set out under the Constitution.  And it has no impact upon the
19 way in which I handle any other decisions, and so I don't find
20 that as grounds for me to disqualify myself.
21         The second is that under Rule 59 of the Federal Rules
22 of Criminal Procedure is that a decision that I make, any
23 litigant has the right to appeal that to the presiding district
24 court judge, and that's in conjunction with the two -- or the
25 three motions that were filed earlier that I denied because

they were filed improvidently by Mr. Hill pro se.  And since there was never an appeal to the presiding district judge in this matter, I don't find that as grounds for me to disqualify myself.

And so I'll address anything that the government or Mr. Cargill that you think I need to address in connection with those matters.

MS. DAY:  Nothing from the government, Your Honor.

MR. CARGILL:  Likewise, Your Honor.

THE COURT:  Okay, very well.

All right.  So I -- Ms. Day and Mr. Cargill, have you-all received the report and the psychiatric evaluation as it relates to Mr. Hill?

MS. DAY:  Yes from the government, Your Honor.

MR. CARGILL:  Yes, sir, I have, Your Honor.

THE COURT:  Ms. Day, is there anything else that the government would like to offer in connection with the determination in competency?

MS. DAY:  No, Your Honor.

THE COURT:  Mr. Cargill?

MR. CARGILL:  Likewise, Your Honor.  I've reviewed the report with Mr. Hill and have no additions or comments on the report.  I'd ask the Court to receive it and use it as the basis for making its determination.

THE COURT:  All right.  Mr. Hill, I'll get you to

1   stand up.  Is there anything that you would like me to consider
2   in connection with the -- whether you're competent to be able
3   to assist Mr. Cargill in connection with your matter today?
4   And then if you go back down to North Carolina to be able to
5   appear in front of the court down there?
6           THE DEFENDANT:  I do promise to appear at every
7   hearing that is required of me.
8           THE COURT:  Okay.  All right.  You understand -- so
9   right now all I'm considering is whether you're competent to
10  stand trial.  Do you feel competent, you understand what
11  your -- what the allegations are in the petition as to what
12  you've allegedly done wrong to violate your supervised release?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  All right.  And you understand the role
15  of all the different players here, what Mr. Cargill does for
16  you?  Are you satisfied that you know everything and that you
17  can help Mr. Cargill today?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Any lawyer that you're assigned down in
20  North Carolina, you can assist them as well?
21          THE DEFENDANT:  Yes, Your Honor.
22          THE COURT:  Okay, very well.
23          All right.  Well, having considered the psychiatric
24  report, having considered the appearance of Mr. Hill here in
25  court as well as the -- taking the comments of counsel, I do

1  find that Mr. Hill is competent to -- to stand trial and be
2  able to address these supervised release violations.
3             So Mr. Hill, let me address to you the supervised
4  release violations.  First of all, you -- let me just have you
5  state your full name for me, please.
6             THE DEFENDANT:  Brian David Hill.
7             THE COURT:  Okay.  And if you stand there normally
8  and talk to me so I can hear you, then -- then we'll be good.
9  So you don't need to lean down.  I think that will be more
10 comfortable for you.
11            THE DEFENDANT:  Okay, thanks.
12            THE COURT:  All right.  How old are you, Mr. Hill?
13            THE DEFENDANT:  How old am I?
14            THE COURT:  Yes, sir.
15            THE DEFENDANT:  28.
16            THE COURT:  28, all right.  How do you feel today?
17            THE DEFENDANT:  I feel all right.
18            THE COURT:  Good.  So you will recall, Mr. Hill, you
19 were previously sentenced down in the Middle District of North
20 Carolina on a federal charge of possession of child
21 pornography.  You served -- I think you were sentenced to time
22 served and then you had a period of supervised release.
23            Do you recall all that?
24            THE DEFENDANT:  Yes.
25            THE COURT:  All right.  And some of the conditions

1  that you were obligated to follow is that you not commit
2  another federal, state, or local crime in connection with this
3  matter -- or not commit another federal, state, or local crime.
4          The petition that I have in front of me that was
5  filed down in the Middle District of North Carolina alleges
6  that on September the 21st of last year you were found in the
7  City of Martinsville walking without clothes, and you were
8  charged with indecent exposure down in the City of
9  Martinsville.
10         Do you understand that?
11         THE DEFENDANT:  Yes.
12         THE COURT:  All right.  On the strength of that
13 there's been a petition filed in the Middle District of North
14 Carolina for action on your supervised release.
15         Do you understand these things?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Now, you do have a right to certain
18 hearings.  You can make the government prove that you are Brian
19 David Hill.  You can make the government offer sufficient
20 evidence for me to find that there's probable cause that you
21 are -- that you committed this offense, or you can waive those
22 hearings, the right to those hearings.  You can have them all
23 down in North Carolina or -- or not.
24         Do you understand these things?
25         THE DEFENDANT:  Yes.

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | THE COURT: All right. Mr. Cargill, how do you wish |
| 2  | to proceed? |
| 3  | MR. CARGILL: We'd ask, Your Honor, that those |
| 4  | hearings be conducted in North Carolina, and we also are asking |
| 5  | at the appropriate time that he be permitted to self-report for |
| 6  | court in North Carolina. |
| 7  | THE COURT: Okay. All right. Any -- what's the |
| 8  | government's position as it relates to detention? |
| 9  | MS. DAY: Your Honor, we're not opposed to him being |
| 10 | released to report in North Carolina. We just ask that he be |
| 11 | put in third-party custody of his family who is here in court |
| 12 | today. |
| 13 | THE COURT: Okay. All right. So I do have a |
| 14 | preliminary hearing waiver. And Ms. Brown, let me have you |
| 15 | hand this over to Mr. Cargill. |
| 16 | So I've got a waiver form for you to sign, Mr. Hill, |
| 17 | that simply says you understand what your rights are to a |
| 18 | preliminary hearing. Do you want to waive the preliminary |
| 19 | hearing or hold them all down in North Carolina? |
| 20 | MR. CARGILL: Hold them all in North Carolina, |
| 21 | please, Your Honor. |
| 22 | THE COURT: So there's a separate form for that. Let |
| 23 | me give you a different form that is going to allow you to be |
| 24 | able to go to North Carolina and just begin this anew down |
| 25 | there. |

1      Do you understand that?
2      THE DEFENDANT: Yes.
3      THE COURT: All right. Do you understand that by
4  waiving your rights to hearings up here you're not admitting
5  that you've done anything wrong; you're not admitting that the
6  government is right; you simply are letting the case go down to
7  North Carolina and you'll address it all down there? Do you
8  understand those things?
9      THE DEFENDANT: Yes, I do, sir.
10     THE COURT: All right. And that's the way you wish
11 to proceed; is that correct?
12     THE DEFENDANT: Yes.
13     THE COURT: Okay, very well. So I'm going to print
14 out a form while we're -- while we're talking. In the
15 meantime, Mr. Cargill, tell me a little bit about the --
16     MR. CARGILL: Yes, Your Honor.
17     THE COURT: -- home plan.
18     MR. CARGILL: The plan, Your Honor, is that he would
19 return to his mother's home. His mother owns a duplex
20 apartment building in Martinsville. Roberta, who is nodding
21 her head, is the mother, and she lives in the upstairs
22 apartment. Brian lives in the downstairs apartment. She is
23 his paid caretaker through Public Partnerships, so she's home
24 all the time. And Brian does require fairly constant
25 supervision, and she's willing to take on that task, as she has

1   been doing for quite a number of years.  And she's willing to
2   be the eyes and ears of the court and be the third-party
3   custodian and to provide transportation for Brian to North
4   Carolina for all of his court appearances.
5           THE COURT:  Still on SSI; is that correct?
6           MR. CARGILL:  He is on SSI.
7           THE COURT:  And so she's a caretaker and gets some
8   benefit, or at least is paid something through SSI to make sure
9   that's taken care of.
10          MR. CARGILL:  Correct, Your Honor.
11          THE COURT:  Okay.
12          MR. CARGILL:  And Brian has -- as the report notes,
13  he has brittle diabetes; he's autistic; he's OCD.  He does --
14  he has seizures.  So he does require fairly constant care.
15          As to the merits of this, Your Honor, he did suffer a
16  conviction in general district court.  That's on appeal, and I
17  talked to his state lawyer, and a hearing is scheduled in July.
18  So if you allow him to self-report, it would allow him to
19  pursue his appeal and hopefully have that resolved before he
20  has his merits hearing in North Carolina.
21          And finally I note, Your Honor, that he has been in
22  custody on this because he's served his 30 days on the
23  misdemeanor.  He got time served when he went to court on the
24  misdemeanor.  So he has under his belt almost five months on
25  this revocation if he is eventually revoked.  And by my count,

1  that might be midpoint of his guidelines -- guidelines if he's
2  found in violation.
3          So all in all, on Roberta's assurance -- and I note
4  also that his grandparents are here and they are very involved
5  in his life, and they are going to be hypervigilant about
6  taking care of Brian and making sure that this does not recur.
7          And I would note, Your Honor, he was on supervised
8  release for almost four years when this happened.  He's -- his
9  term of supervised release is ten years.
10         THE COURT:  A long term, yeah.
11         MR. CARGILL:  Yes.  So all in all, Your Honor, on
12 Roberta's assurance, I would ask the Court to release him on
13 terms so that he can appear voluntarily in North Carolina.
14         THE COURT:  All right.  Ms. Hill, can I get you to
15 come up, please.  I'll just let you stand right there behind
16 the podium.  How are you today, ma'am?
17         MS. HILL:  Okay.
18         THE COURT:  Good.  Can you give me your name?
19         MS. HILL:  Roberta Hill.
20         THE COURT:  All right.  Your son, does he go by Brian
21 or David?
22         MS. HILL:  Brian.
23         THE COURT:  Goes by -- your son is Brian?
24         MS. HILL:  Uh-huh.
25         THE COURT:  And he lives in this duplex arrangement

1  with you?
2          MS. HILL:  Yes.
3          THE COURT:  Does anybody else live there?
4          MS. HILL:  Nope, just me and him.
5          THE COURT:  Okay.  And certainly no firearms --
6          MS. HILL:  No.
7          THE COURT:  -- or other dangerous instrumentalities
8  there?
9          MS. HILL:  No.
10         THE COURT:  How about animals?
11         MS. HILL:  Yeah, two cats.
12         THE COURT:  Two cats.
13         MS. HILL:  Uh-huh.
14         THE COURT:  Very well.  And you-all live -- what's
15 your address?
16         MS. HILL:  310 Forest Street, Apartment 1, and
17 Brian's address is Apartment 2.
18         THE COURT:  All right.  And tell me, and that's in
19 Martinsville?
20         MS. HILL:  Uh-huh.
21         THE COURT:  And tell me the arrangement that you have
22 in connection is Brian's SSI.  You're a caretaker or --
23         MS. HILL:  I'm his payee and I'm his caretaker,
24 yes.
25         THE COURT:  Okay.  Does he listen to you?

1    MS. HILL: Most of the time, yes.

2    THE COURT: So in federal court, what -- what a bond
3    means, if you're admitted to bail, is that -- and I have a
4    third-party custodian, as Mr. Cargill said, you become the eyes
5    and the ears of the court. And the obligations that I ask you
6    to fulfill are, one, to make sure that Brian gets to court when
7    he's supposed to and he's on time and in place and ready to go.

8    You're going to be given a time -- we may have to
9    reach out to you, but when to appear down in the Middle
10   District of North Carolina.

11   MS. HILL: Okay.

12   THE COURT: And it will be your obligation to make
13   sure he gets down there in any subsequent court appearances.

14   Likewise, it's your obligation to make sure that he
15   abides by the terms of my pretrial release, and we ask that you
16   do that. And I will typically set on unsecured bond and then
17   ask the third-party custodian to co-sign that. In other words,
18   that you have a little skin in the game, if you will, to make
19   sure that your son abides by the terms of pretrial release.

20   If he does not, your obligation is to call
21   Mr. McMurray, who I think you know already, and notify him even
22   if you know that may send Brian back to jail. Do you
23   understand that?

24   MS. HILL: Right.

25   THE COURT: Can you do that?

|   |   |
|---|---|
| 1 | MS. HILL: Yes. |
| 2 | THE COURT: That's a hard call for a mom to make. |
| 3 | MS. HILL: Yeah. |
| 4 | THE COURT: But you can do that. |
| 5 | MS. HILL: Yes. |
| 6 | THE COURT: Okay. And otherwise anything else you |
| 7 | think I need to know, Mr. Cargill? |
| 8 | MR. CARGILL: No, I don't think so, Your Honor. |
| 9 | THE COURT: Ms. Day? |
| 10 | MS. DAY: No, Your Honor. |
| 11 | THE COURT: Do you have any questions for me, |
| 12 | Ms. Hill? |
| 13 | MS. HILL: No. |
| 14 | THE COURT: Okay. All right, very well. |
| 15 | Thank you very much. |
| 16 | MS. HILL: Thanks. |
| 17 | THE COURT: Okay. So Mr. Hill, I'm going to set |
| 18 | terms and conditions of release. I think you-all have the |
| 19 | waiver form there. You've signed that; is that correct? |
| 20 | THE DEFENDANT: Yes. |
| 21 | THE COURT: All right, very well. So I'm going to |
| 22 | set terms and conditions of release that you can -- I'm going |
| 23 | to set a $25,000 unsecured bond to be co-signed by your mom as |
| 24 | a third-party custodian. Understand that if you violate I'll |
| 25 | have you taken into custody by the marshal and detained until |

1  this matter is resolved. Likewise, if you commit a federal,
2  state, or local crime while on my pretrial release, that's a
3  separate federal offense for which you can be separately
4  indicted and face a prison term over and above what you already
5  face.
6              Do you understand that?
7              THE DEFENDANT: Yes.
8              THE COURT: All right, very well. So you are to live
9  at the 310 Forest Street address. I think you're in Apartment
10 2. Your mom is going to be third-party custodian. No
11 dangerous instrumentalities, no weapons in your residence, nor
12 can you possess any. You cannot have -- you and your mom will
13 have to consent to a warrantless search of your residence to
14 assure that you're abiding by the terms of pretrial release.
15 You are -- no alcohol, no illegal drugs, no controlled
16 substances without the -- without a valid prescription. As
17 well, report any contact you may have with law enforcement and
18 cooperate with your probation officer in all respects.
19             No travel outside the Western District of Virginia,
20 other than the Middle District of North Carolina. So you can
21 travel within the Middle District of North Carolina. I believe
22 your court hearing is going to be in Greensboro, but you can
23 travel, certainly, across the border for those purposes.
24             Do you understand those things?
25             THE DEFENDANT: Yes.

|   |   |
|---|---|
| 1 | THE COURT: All right. The other conditions that I'm |
| 2 | going to -- that I'm going to place on you is I'm going to |
| 3 | place a curfew since this is an event that happened at night, |
| 4 | and understand that you're to be in every night by 7 o'clock |
| 5 | and can't go out before 8 o'clock in the morning. I want |
| 6 | you-all to be able to go to doctor's appointments and do what |
| 7 | you do during the day. |
| 8 | No need to be out at night, Ms. Hill. |
| 9 | And likewise, for the short-term until things are |
| 10 | taken care of down in North Carolina, because of some of the |
| 11 | underlying matters, I'm going to have a no internet prohibition |
| 12 | at this point in time, all right? |
| 13 | Do you understand that? |
| 14 | THE DEFENDANT: Yes. |
| 15 | THE COURT: I think you have a no internet |
| 16 | prohibition under your terms and conditions now, in any event, |
| 17 | but I'm going to reiterate that, all right? |
| 18 | Does that cover everything, Mr. McMurray? |
| 19 | PROBATION OFFICER: Your Honor, I recommend mental |
| 20 | health conditions. |
| 21 | THE COURT: That's right. I also want you to |
| 22 | report -- today is on Tuesday -- by the end of next week, so I |
| 23 | think that's 10 days, to the local Community Services Board, |
| 24 | Ms. Hill, to be evaluated for ongoing mental health treatment. |
| 25 | I think that would be really helpful, and I want you to be able |

|   |   |
|---|---|
| 1 | to get connected and get the treatment that you need and to |
| 2 | continue with that.  And so be evaluated within ten days. |
| 3 | If Mr. McMurray does not already have an |
| 4 | authorization to allow you to be able to get your records, I'm |
| 5 | going to have you sign one and so that he can get the records |
| 6 | from the Community Services Board to assure that you're getting |
| 7 | the treatment.  He doesn't need -- he's not getting them to be |
| 8 | able to see what you're talking about, but to assure that |
| 9 | you're complying with all the treatment recommendations. |
| 10 | Do you understand? |
| 11 | THE DEFENDANT:  Yeah. |
| 12 | THE COURT:  Any questions about that? |
| 13 | THE DEFENDANT:  No. |
| 14 | THE COURT:  All right.  Ms. Hill, does that make |
| 15 | sense?  Is there anything else you think I need to add? |
| 16 | MS. HILL:  Oh, he needs a letter from his -- showing |
| 17 | that he's been released from jail for his SSI reinstated. |
| 18 | THE COURT:  So he's going to have bond paperwork for |
| 19 | that purpose, so he'll have a copy of his bond paperwork, all |
| 20 | right? |
| 21 | All right.  Ms. Day, anything further? |
| 22 | MS. DAY:  No, Your Honor. |
| 23 | THE COURT:  Mr. Cargill? |
| 24 | MR. CARGILL:  No.  Thank you, Your Honor. |
| 25 | THE COURT:  And is he at Western Virginia? |

1  THE MARSHAL:  No, sir.  He should be released from
2  here.  He was brought over by Central Virginia today with
3  everything.
4  THE COURT:  But you-all can release him from here?
5  THE MARSHAL:  Yes, sir.
6  THE COURT:  Okay.  So he's going to have some
7  paperwork to sign here, and then he'll be released from the
8  marshal's service downstairs on the second floor.  I've got a
9  couple more matters to take up, but then after that you-all
10 can -- and don't go anywhere, Ms. Hill, because you're going to
11 need to sign that paperwork as well.  But then after that you
12 can work your way on down to the second floor, all right?
13 Thank you very much.  Good luck to you, Mr. Hill.
14 MR. CARGILL:  Good luck, Brian.
15 THE DEFENDANT:  Thank you.
16 THE MARSHAL:  Just to make sure, Your Honor, we're
17 releasing him directly to the custody of his mother or can we
18 just release him?
19 THE COURT:  Into the custody of his mother.
20 THE MARSHAL:  Okay, thank you.
21 (The proceedings concluded at 2:50 p.m.)

**CERTIFICATE**

I, Mary J. Butenschoen, do hereby certify that the foregoing is a correct transcript of the electronic recording in the above-entitled matter.

_____/s/_____ 5/2/2022
Mary J. Butenschoen, Transcriber